

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2700

DHR/PL AGR
2024R00979

September 19, 2025

Shaiba Rather, Esq.
Assistant Federal Public Defender
1002 Broad Street
Newark, New Jersey 07102

      Re:    <u>Plea Agreement with Ted Compere</u>

Dear Ms. Rather:

      This letter sets forth the plea agreement between your client, Ted Compere ("COMPERE"), and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on September 29, 2025, if it is not accepted in writing by that date. If COMPERE does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from COMPERE to a two-count Information, which charges COMPERE with possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One), and conspiracy to break and enter into a carrier facility, contrary to 18 U.S.C. § 2117, in violation of 18 U.S.C. § 371 (Count Two). If COMPERE enters a guilty plea and is sentenced to at least 46 and no more than 63 months' imprisonment followed by 3 years' supervised release on these charges (the "Stipulated Range") and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against COMPERE for possession of ammunition on or about February 20, 2025, or breaking and entering postal vehicles from in or around November 2024 through in or around February 2025.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against COMPERE even if the applicable statute of

limitations period for those charges expires after COMPERE signs this agreement, and COMPERE agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, COMPERE may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), COMPERE will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violation of 18 U.S.C. § 922(g)(1) to which COMPERE agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 371 to which COMPERE agrees to plead guilty in Count Two of the Information carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences on Counts One and Two may run consecutively to each other or to any prison sentence COMPERE is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and COMPERE agree that a sentence within the Stipulated Range is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence COMPERE to at least 46 and no more than 63 months' imprisonment followed by 3 years' supervised release.

Further, in addition to imposing any other penalty on COMPERE, the sentencing judge as part of the sentence:

(1) will order COMPERE to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order COMPERE to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) must order forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461;

(4) pursuant to 18 U.S.C. § 3583, may require COMPERE to serve a term of supervised release of not more than 3 years per count, which will begin at the expiration of any term of imprisonment imposed. Should COMPERE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, COMPERE may be sentenced to not more than 2 years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, COMPERE agrees to pay full restitution to the victims of Count Two charged in the Information in an amount that fully compensates the victims for the losses sustained as a result of that offense, as detailed in paragraph 2 of the attached Schedule A.

Forfeiture

As part of COMPERE's acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), COMPERE agrees to forfeit to the United States all right, title, and interest, if any, in the following items seized on or about February 20, 2025:

20 rounds of 9-millimeter ammunition

(collectively, the "Specific Property").

COMPERE acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in the violation of 18 U.S.C. § 922(g) charged in Count One of the Information.

COMPERE waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), COMPERE consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. COMPERE understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives

any failure by the court to advise COMPERE of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. COMPERE further understands that COMPERE has no right to demand that any forfeiture of COMPERE's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. COMPERE waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

COMPERE also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. COMPERE agrees that COMPERE will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent COMPERE has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. COMPERE further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

COMPERE further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of COMPERE's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

COMPERE further waives, abandons, and surrenders to federal, state, and/or local law enforcement all of his right, title, and interest in the following firearm that was seized on or about February 20, 2025 (the "Additional Property"):

> One Polymer80, Inc. Model PF940C pistol, bearing no identifiable serial number, equipped with a magazine capable of holding approximately 31 rounds of 9-millimeter ammunition.

COMPERE further waives any additional notice requirement in connection with the forfeiture and/or abandonment of the Additional Property and consents to its destruction at the discretion of federal, state, and/or local law enforcement.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on COMPERE by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of COMPERE's activities and relevant conduct with respect to this case.

### Stipulations

This Office and COMPERE will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

If the Court imposes a sentence within the Stipulated Range, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, COMPERE will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C.

§ 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4) Any claim COMPERE pursues in an appropriate forum, when permitted by law, that COMPERE received constitutionally ineffective assistance of counsel.

Immigration Consequences

COMPERE understands that, if COMPERE is not a citizen of the United States, COMPERE's guilty plea to the charged offenses will likely result in COMPERE being subject to immigration proceedings and removed from the United States by making COMPERE deportable, excludable, or inadmissible, or ending COMPERE's naturalization. COMPERE understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. COMPERE wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause COMPERE's removal from the United States. COMPERE understands that COMPERE is bound by this guilty plea regardless of any immigration consequences. Accordingly, COMPERE waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. COMPERE also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against COMPERE. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude COMPERE from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between COMPERE and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

> Very truly yours,
>
> TODD BLANCHE
> U.S. DEPUTY ATTORNEY GENERAL
>
> ALINA HABBA
> ACTING UNITED STATES ATTORNEY
> SPECIAL ATTORNEY
>
> By: DANIEL H. ROSENBLUM
> Assistant U.S. Attorney

APPROVED:

*/s/David Walk*
DAVID WALK
Deputy U.S. Attorney

I have received this letter from my attorney, Shaiba Rather, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date:   9/23/25
Ted Compere


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____          Date:   9/23/25
Shaiba Rather, Esq.
Counsel for Defendant

- 8 -

### Rule 11(c)(1)(C) Plea Agreement With Ted Compere

### Schedule A

1. This Office and Ted Compere ("COMPERE") agree to stipulate to the following facts:

    a. With regard to Count One:

        i. On or about February 20, 2025, COMPERE knowingly possessed a Polymer80, Inc. Model PF940C pistol, bearing no identifiable serial number, equipped with a magazine capable of holding approximately 31 rounds of 9-millimeter ammunition.

        ii. On or about February 20, 2025, COMPERE knowingly possessed 20 rounds of 9-millimeter ammunition.

        iii. COMPERE knew that, before possessing the firearm and ammunition described above, he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year and was therefore a prohibited person at the time of committing the instant offense, within the meaning of U.S.S.G. § 2K2.1(a)(4)(B)(ii)(I).

        iv. The offense involved at least one semiautomatic firearm that is capable of accepting a large capacity magazine, within the meaning of U.S.S.G. § 2K2.1(a)(4)(B)(i)(I).

    b. With regard to Count Two:

        i. From in or around November 2024 through in or around February 2025, COMPERE knowingly agreed with others to commit an offense against the United States by burglarizing U.S. Postal Service vehicles on their delivery routes in and around Essex County, New Jersey.

        ii. It was a part and object of the conspiracy to break and enter into U.S. Postal Service vehicles, by shattering the vehicles' glass and stealing undelivered mails contained therein.

        iii. The offense involved more than minimal planning, within the meaning of U.S.S.G. §§ 2X1.1(a) and 2B2.1(b)(1).

> iv. The checks and payment cards recovered from COMPERE's bedroom issued to or in names other than COMPERE's—including checks with face values totaling approximately $74,454.17—were stolen from the mails in connection with the conspiracy.
>
> v. The offense resulted in approximately $4,435 in loss to the U.S. Postal Service to repair the broken glass of burglarized vehicles.

2. This Office and COMPERE agree to stipulate that the victims sustained losses in the amounts listed below as a result of Count Two charged in the Information as follows:

| Victim | Amount |
|---|---|
| U.S. Postal Service | $4,435 |
| Payors of checks recovered from COMPERE's bedroom | Up to $74,454.17 |
| Victims related to other stolen articles recovered from COMPERE's bedroom, including payment cards and identification cards | Presently unknown |

3. The parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.